# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MAJOR HUDSON III,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-01-258-G |
| **ROBERT DENTON, Acting Warden,** | ) |
| Respondent.[1] | ) |

## ORDER

In February 2020, Petitioner Major Hudson III filed a Motion to Recall Mandate. After consideration of the Motion, the State's Response, and the relevant record, the Court found that the Motion must be construed as a second or successive habeas corpus petition challenging Petitioner's 1998 state-court conviction. *See* Order of Sept. 3, 2020 (Doc. No. 43) at 3-7 (citing *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006)). Because Petitioner had not received authorization from the Tenth Circuit Court of Appeals to file a second or successive petition, the Court found that it lacked jurisdiction to consider Petitioner's claims. The Court further found that it was not in the interest of justice to transfer the matter to the appellate court and dismissed the Motion. *See id.* at 6-7; *see also* 28 U.S.C. § 2244(b).

Petitioner has now filed a notice of appeal of the Court's Order of dismissal. On September 15, 2020, the Tenth Circuit directed a limited remand of this matter for the Court

---

[1] The current Acting Warden of Petitioner's facility is hereby substituted as Respondent. *See* R. 1(a)(1), 2(a), R. Governing § 2254 Cases in U.S. Dist. Cts.

to consider whether a certificate of appealability ("COA") should issue. *See* Order, No. 20-6140 (10th Cir. Sept. 15, 2020).

A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Here, the Court's Order being appealed from is a dismissal of an unauthorized petition for lack of jurisdiction, which is considered a procedural ruling. *See McKnight v. Dinwiddie*, 362 F. App'x 900, 902 (10th Cir. 2010). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that a reasonable juror would not find debatable the Court's decision to construe the Motion as a second or successive § 2254 petition and to dismiss it on that basis. As explained in the previous Order, prior to filing the Motion Petitioner previously had sought and been denied federal habeas relief on the relevant conviction under § 28 U.S.C. § 2254. The Motion presented claims based upon a denial of Petitioner's constitutional right to effective assistance of appellate counsel in connection with that conviction and was therefore required to be "treated as a second or successive habeas petition," despite being "denominated a Rule 60(b) motion." *Spitznas*, 464 F.3d at

2

1215. Because Petitioner already had sought and been denied authorization by the appellate court to present these claims, and he presented no sufficient basis for such authorization to this Court, dismissal was warranted. *See* Order of Sept. 3, 2020, at 6-7.

ACCORDINGLY, the requisite standard is not met in this case. A certificate of appealability is DENIED.

IT IS SO ORDERED this 16th day of September, 2020.

_____
CHARLES B. GOODWIN
United States District Judge